**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>George Adam Howe,<br><br>Debtor | Chapter 7<br>Case No. 26-10213 |

## ORDER SCHEDULING HEARING ON REAFFIRMATION AGREEMENT

On November 4, 2026, Lakeview Loan Servicing, LLC, filed a reaffirmation agreement with the debtor, George Adam Howe [Dkt. No. 6]. Based on Mr. Howe's monthly income and expenses (discussed below), there is a presumption that the reaffirmation agreement is an undue hardship on him. *See* 11 U.S.C. § 524(m)(1). The Court must review this presumption. Id. And can disapprove the agreement if Mr. Howe is unable to rebut the presumption. *See* id.

A debtor can rebut a presumption of undue hardship with a written statement "if the statement includes an explanation that identifies additional sources of funds to make the payments as agreed upon under the terms of [the reaffirmation] agreement." Id. The reaffirmation agreement here includes a statement from Mr. Howe about his personal and financial circumstances and his beliefs about his ability to afford the reaffirmed debt going forward—notwithstanding a monthly budget shortfall of more than $3,500. In his statement, Mr. Howe generally identifies types of past expenses that he does not expect to recur and broad categories of future expenses that he anticipates reducing (e.g., "discretionary spending," "unnecessary expenses," and "recurring household costs"). He does not, however, identify any specific amounts or budgetary plan.

Based on his current budget, if Mr. Howe pays all other expenses, he has only $298.81 left each month to pay toward the reaffirmed debt, which requires monthly payments of $3,865.81. Mr. Howe's written statement is not detailed enough to explain how he will be able to afford this. That is, his statement is insufficient to rebut the presumption of undue hardship. Mr. Howe's other filings in this case about his income and expenses do not reveal obvious opportunities for closing this substantial budgetary gap. Without specific details about a revised budget, the Court cannot see how Mr. Howe can afford this reaffirmed debt.[1] Thus, the Court is considering disapproving the reaffirmation agreement.

On December 10, 2026, at 3:00 p.m., the Court will hold a hearing on this matter. *See* 11 U.S.C. § 524(m)(1). The hearing will be at the United States Bankruptcy Court, 202 Harlow Street, Bangor, Maine. Although Mr. Howe has counsel in this case, Mr. Howe must also attend the hearing himself.

If Mr. Howe cannot be there in person, he can participate remotely by video from the Portland Courtroom or through videoconference technology. Likewise, any other interested party may participate in person or remotely, but no party may participate by phone. To participate through videoconference technology, contact the Clerk's Office by noon the day before the hearing. The Clerk's Office will then provide details about how to join the hearing remotely.

[1] Moreover, Mr. Howe's income disclosures also appear to be incomplete. On line 8a of Schedule I, he discloses $1,000 per month in income from rental property or operating a business. That line of the form instructs: "Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income." But Mr. Howe did not attach any statement (and his other forms offer no indication of the source or nature of this income). Further, Mr. Howe's other forms indicate that he is married, lives with his non-filing spouse, and is not legally separated. Yet, on Schedule I, he did not report his spouse's income information, as required. Rather, he declined to disclose whether his spouse is employed and inserted "N/A" on every line for dollar amounts. Perhaps Mr. Howe's spouse has no income, but that is unclear from Mr. Howe's disclosures.

At the hearing, Mr. Howe should be ready to tell the Court specific details about how he intends to adjust his budget, including specific amounts for specific categories of expenses. He should be prepared to describe a realistic plan for achieving any budget adjustments. Mr. Howe should also be ready to tell the Court about his income from all sources.

Mr. Howe is strongly encouraged to file a supplemental statement by December 3, 2026. If that statement is sufficiently detailed so as to satisfy the Court that Mr. Howe has rebutted the presumption of undue hardship, *see* 11 U.S.C. § 524(m)(1), the Court might leave the reaffirmation agreement intact and cancel the hearing.

Dated: November 6, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine